Filed 9/1/21  P. v. Schaefer CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL SCHAEFER,<br><br>    Defendant and Appellant. | B307657<br><br>(Los Angeles County<br>Super. Ct. No. BA223640) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Kennedy, Judge.  Reversed and remanded.

Brett Harding Duxbury, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

In 2003, a jury convicted appellant Daniel Schaefer of second degree felony murder in addition to other offenses related to manufacturing methamphetamine and possessing firearms. This court affirmed the judgment of conviction. (*People v. Schaefer* (May 17, 2004, B166733) [nonpub. opn.].) In 2019, appellant filed a petition pursuant to Penal Code[1] section 1170.95 requesting that his murder conviction be vacated. After issuing an order to show cause and holding an evidentiary hearing, the trial court denied the petition. The trial court found that the jury could have convicted appellant of second degree murder on a theory of implied malice. Appellant contends the trial court employed the wrong standard in denying his petition. We agree and remand the case to the trial court to conduct a new hearing.

## BACKGROUND

The facts underlying the murder conviction are not complicated. Appellant and Monica Reynoso got together at Reynoso's apartment to manufacture methamphetamine. An explosion occurred and both were serious burned. Reynoso died one month later from her injuries. At trial, the prosecutor proceeded, and the jury was instructed, on a theory of felony murder only. The jury convicted appellant, who was sentenced to 15 years to life on the second degree murder conviction.

In 2019, appellant filed a petition pursuant to section 1170.95. He alleged he was entitled to relief because he was convicted under the felony murder doctrine, which Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) had abrogated with certain exceptions not raised by the parties here.

---

[1] Further undesignated statutory references are to the Penal Code.

The trial court appointed counsel for appellant and found he had made a prima facie case of eligibility for relief. On August 27, 2020, the trial court held an evidentiary hearing where the People introduced the trial record into evidence and appellant testified on his own behalf.

After entertaining argument, the trial court concluded appellant was not entitled to relief and denied his petition. The trial court stated its reasons: "I do think on the basis of the record and—even though the prosecution didn't rely on the implied malice theory at the time of the trial, I think that they nonetheless presented the evidence during the course of the trial through the expert testimony and through the testimony of Miss Escarra and others, that they could have; there was enough there to do it. And I think that the jury certainly could have convicted him beyond a reasonable doubt on that theory, and still can. [¶] The only thing that really bothers me and still bothers me a bit is the idea that they made that election—the People made that election at the time. But again, the defense has used the motive that the D.A. assessed that she could not obtain a conviction on that theory. And I say that we don't know why she did it, whether that was her assessment or whether she just decided to keep it simple for the jury. And I tend to think the latter. [¶] But either way, I think on the basis of what actually was presented, that she could have relied on that theory, and the jury could have convicted beyond a reasonable doubt. [¶] . . . And my ruling is that I'm denying the petition at this time."

This appeal followed.

## DISCUSSION

A.    *Relevant Law*

The Legislature passed Senate Bill 1437 in 2018 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 amended section 188 to require that a principal "shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Senate Bill 1437 also added section 1170.95, which sets forth the procedure by which a "person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a).) The petition must include a declaration stating the petitioner meets all the requirements for resentencing, including that the petitioner "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subds. (a)(3), (b)(1)(A).)

Once a complete petition is filed, the court determines whether "the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. . . . If the petitioner makes a prima

4

facie showing that he or she is entitled to relief, the court shall issue an order to show cause."  (§ 1170.95, subd. (c).)

After the court issues an order to show cause, a hearing is held to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner on any remaining counts.  (§ 1170.95, subd. (d)(1).)  At the hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.  If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.  The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens."  (*Id.*, subd. (d)(3).)

B.    *Analysis*

Appellant and the People each posit two different standards of proof at the evidentiary stage of the section 1170.95 procedure, which we discuss in turn.

The first standard offered by appellant, which we reject, is that a trial court may deny a section 1170.95 petition only if it finds, beyond a reasonable doubt, that the jury actually convicted petitioner of murder under a still valid theory.  This is the same standard applied when a trial court instructs a jury on alternative theories of guilt, one of which is legally invalid.  (See *People v. Chiu* (2014) 59 Cal.4th 155, 167, superseded on other grounds by statute as stated in *People v. Lewis* (2021) 11 Cal.5th 952.)  As applied to this case, it would require the People to prove that the jury in the underlying trial convicted appellant under an implied malice theory rather than under a felony murder theory.

5

Appellant's proposed standard is inconsistent with the statutory scheme in at least two ways. Section 1170.95, subdivision (a)(3) requires as a necessary condition for resentencing that the petitioner "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1).) Subdivision (d)(3) places the burden on the prosecution to "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Id.*, subd. (d)(4).) Read together, these provisions lead to the conclusion that a trial court must deny a petition if the People prove, beyond a reasonable doubt, that the petitioner could be convicted of first or second degree murder under the law as of January 1, 2019. The standard appellant proposes would require the People to prove something different: that petitioner was convicted previously under a still valid theory.

Further, the provision in section 1170.95, subdivision (d)(3) permitting the parties to present new evidence to establish their respective burdens would be superfluous if, as appellant contends, the determinative issue is whether the petitioner was convicted under a still valid theory. It would be nonsensical for a court to consider evidence never presented to the jury to determine the basis on which the jury convicted a petitioner. For these reasons, we reject appellant's contention that a trial court may deny a petition only if it finds the jury actually convicted petitioner under a still valid theory of murder.

The second standard originally posited by the People, which we also reject, is the substantial evidence standard set out in *People v. Duke* (2020) 55 Cal.App.5th 113, review granted January 13, 2021, S265309 *(Duke)*. The *Duke* court stated the standard: the prosecution need only prove "that the defendant

6

*could* still have been convicted of murder under the new law—in other words that a reasonable jury could find the defendant guilty of murder with the requisite mental state for that degree of murder [under current law]. This is essentially identical to the standard of substantial evidence, in which the reviewing courts asks 'whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt." (*Id.* at p. 123.)

There is currently a split of authority as to whether the substantial evidence standard of review comports with the language of the statute. Contrary to *Duke*, *People v. Lopez* (2020) 56 Cal.App.5th 936, review granted February 10, 2021, S265974 (*Lopez*), *People v. Rodriguez* (2020) 58 Cal.App.5th 227, review granted March 10, 2021, S266652 (*Rodriguez*), and *People v. Clements* (2021) 60 Cal.App.5th 597, reviewed granted April 28, 2021, S267624 (*Clements*) each conclude that after an evidentiary hearing, the trial court is required to act as an independent fact finder and determine whether the People have proven the petitioner guilty of murder beyond a reasonable doubt under the law as of January 1, 2019. This is the standard the People now urge in their supplemental briefing. In this context, the trial court does not analyze what the previous jury could have found or what a jury could or would find now on retrial. No, the trial court itself, in effect, renders a verdict by finding the petitioner either guilty or not guilty of murder based on the evidence presented at the evidentiary hearing. (See also Couzens, Accomplice Liability for Murder (SB 1437) (June 2021), at p. 49 [it is "the burden of the prosecution to show, beyond a reasonable doubt, the petitioner could be found guilty of murder under a valid theory of the law effective January 1, 2019"].)

7

We do not repeat here the well-reasoned analyses of *Lopez, Rodriguez, and Clements.* Suffice it to say that we find their reasoning persuasive and agree with their conclusion that the trial court must act as an independent factfinder, not simply review the evidence and determine what a jury could or would decide. In this case, based on the trial court's frequent allusions and references to what the jury could have decided based on the evidence, we find the trial court used the substantial evidence standard of review instead of acting as an independent factfinder. We remand to the trial court to conduct a new hearing and state its own findings on the record as to whether the People have carried their burden of proving appellant guilty of second degree murder beyond a reasonable doubt under current law.

## DISPOSITION

The judgment is reversed. The case is remanded for the trial court to conduct a new hearing under section 1170.95, subdivision (d).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, Acting, P. J.

We concur:

WILEY, J.                    OHTA, J.[*]

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.